IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.    *hr M.S. afm*          24-CR-116

MATTHEW A. STEELE,

             Defendant.

## PLEA AGREEMENT

The defendant, MATTHEW A. STEELE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEAS AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 1 and Count 10 of the Indictment, which charges:

a.    In Count 1, a violation of Title 18, United States Code, Section 2251(a) (production of child pornography), for which the mandatory minimum term of imprisonment is 15 years, and the maximum possible sentence is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life; and

b.    In Count 10, a violation of Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography involving a prepubescent minor), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a

mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life.

      c.     The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

      2.     The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for each offense of conviction in Count 1 and Count 10 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

      3.     The defendant understands that the Court must impose an assessment of not more than $50,000 for the offense of conviction in Count 1, and not more than $17,000 for the offense of conviction in Count 10, pursuant to Title 18, United States Code, Section 2259A(a)(3), in addition to any other criminal penalty, restitution, or special assessment.

      4.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.  As a consequence, a prison term imposed for a violation of supervised release may result in the

defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

5.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides; where the defendant is employed; and where the defendant is a student.  The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.  The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

6.     The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II. ELEMENTS AND FACTUAL BASIS

7.    The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

### Count 1 – Production of Child Pornography

a.    That the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

b.    That the defendant knew or had reason to know that the visual depictions would be transported or transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce; the visual depictions were produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or that the visual depictions had actually been transported or transmitted using any means or facility of interstate or foreign commerce or in and affecting interstate or foreign commerce.

### Count 10 – Possession of Child Pornography Involving Prepubescent Minors

a.    That the defendant knowingly possessed material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8);

b.    That such child pornography had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

c.    That the defendant knew that such material contained child pornography; and

d.    That at least one of the child pornography images depicted prepubescent minors or minors under twelve years old.

4

## FACTUAL BASIS

8.    The defendant and the government agree to the following facts, which form the

basis for the entry of the pleas of guilty including relevant conduct:

    a.    Between in or about July 2008, to in or about July 2010, the exact dates being unknown, in the Western District of New York, specifically, 2160 Bullis Road, Elma, New York 14059, the defendant, MATTHEW A. STEELE, did use, persuade, induce, entice, and coerce a minor, that is, Victim 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. The visual depictions were produced using materials, including an Olympus Model E-500 Camera, that were manufactured outside of New York State.

    b.    Specifically, the defendant produced child pornography with Victim 1, a minor female with a date of birth in July 1999, on several occasions from the time she was approximately 9 years old to the time she was approximately 12 years old. During these occasions, Victim 1 was in the custody, care, and supervisory control of the defendant.

    c.    Some of the images of child pornography produced by the defendant depicting Victim 1 were distributed by the defendant to other unknown individuals.

    d.    On March 11, 2024, law enforcement executed a search warrant at the defendant's residence within the Western District of New York and seized two electronic devices, both manufactured in Thailand, that contained child pornography.

        i.    Located on a Western Digital WD 400 external hard drive were numerous images created by the defendant that depict the lascivious exhibition of Victim 1's genitals and/or Victim 1 masturbating the defendant.

        ii.    Located on a Western Digital WD 800 external hard drive were approximately 45 images of child pornography (not involving Victim 1) that the defendant obtained over the internet.

    e.    Some of the images produced and/or possessed by the defendant contained sadistic or masochistic conduct or other depictions of violence which would have been painful to the child. Some of the child pornography produced and/or possessed by the defendant depicted prepubescent minors.

### III.  SENTENCING GUIDELINES

9.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

10.      The government and the defendant agree that Guideline §2G2.1(a) applies to the offense of conviction for Count 1 and provides for a base offense level of 32.

11.      The government and the defendant agree that Guidelines § 2G2.2(a)(1) applies to the offense of conviction for Count 10 and provides for a base offense level of 18.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

12.      The government and the defendant agree that the following specific offense characteristics apply:

#### Count 1

    a.      the 4-level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years];

    b.      the 2-level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sexual act or sexual contact];

    c.      the 2-level increase pursuant to Guidelines § 2G2.1(b)(3) [the defendant knowingly engaged in distribution];

    d.      the 4-level increase pursuant to Guidelines § 2G2.1(b)(4)(A) [offense involved material that portrays sadistic, masochistic, or other depictions of violence];

e.    the 2-level increase pursuant to Guidelines § 2G2.1(b)(5) [the minor was in the custody and care, or supervisory control of the defendant at the time of the offense].

## Count 10

a.    the 2-level increase pursuant to Guidelines § 2G2.2(b)(2) [material involved a prepubescent minor or a minor under the age of 12 years];

b.    the 4-level increase pursuant to Guidelines § 2G2.2(b)(4) [offense involved material that portrays sadistic, masochistic, or other depictions of violence, and the exploitation of an infant or toddler];

c.    the 5-level increase pursuant to Guidelines § 2G2.2(b)(5) [defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor];

d.    the 2-level increase pursuant to Guidelines § 2G2.2(b)(6) [offense involved use of a computer]; and

e.    the 2-level increase pursuant to Guidelines § 2G2.2(b)(7)(A) [offense involved at least 10 images].

## U.S.S.G. CHAPTER 4 ADJUSTMENT

13.    The government and the defendant agree that the following adjustment to the defendant's offense level for Count 1 applies:

a.    the five-level increase pursuant to Guideline § 4B1.5(b)(1) [the defendant's instant offense is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct].

## ADJUSTED OFFENSE LEVEL

14.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 1 is 51.

7

15.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 2 is 33.

## COMBINED ADJUSTED OFFENSE LEVEL

16.    The government and the defendant agree that pursuant to Guideline §§ 3D1.2(a) and (b), the offenses of conviction for Count 1 and Count 10 must be grouped together, and that pursuant to Guidelines § 3D1.3(a), the grouped offenses result in a combined adjusted offense level of 51.

## ACCEPTANCE OF RESPONSIBILITY

17.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 48. Pursuant to Guidelines § 5A, n. 2, when a total offense level is more than 43, it should be treated as an offense level of 43.

## CRIMINAL HISTORY CATEGORY

18.    It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

19.     It is the understanding of the government and the defendant that, with a total offense level of 43 and criminal history category of I, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 600 months, a fine of $50,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

20.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

21.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

22.    In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.  STATUTE OF LIMITATIONS

23.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other federal criminal offense which are not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.  IMMIGRATION CONSEQUENCES

24.    The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.  The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a

separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

25.    The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

26.    The defendant understands that the government has reserved the right to:

    a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

27.    At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

28.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

29.    The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victims' compensable losses, but no less than $3,000 per victim. The defendant understands that the order of restitution shall be issued and enforced in the same manner as an order issued pursuant to Title 18, United States Code, Section 3663A and in accordance with Sentencing Guidelines § 5E1.1. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

30.     Pursuant to Title 18, United States Code, Section 3663(a)(3); Title 18, United States Code, Section 3663A(a)(3); Title 18, United States Code, Section 3664 and Title 18, United States Code, Section 2259, the defendant agrees to make full restitution to all minor victims of the defendant's offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.  Further, the defendant agrees to pay restitution to any of the minor victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct.  The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.

31.     The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

32.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing.  The defendant agrees

13

to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

33.    The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

34.    Under the TOP program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code. The government hereby provides the defendant with notice that 60 days after sentencing, unless the monetary judgment(s) ordered by the Court is paid in full immediately after sentencing, the government will refer the outstanding monetary judgment to TOP for the offset of any pending federal payments, and the defendant agrees not to object or contest any such action by the government and waives any further notice.

35.    The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment. Further, the defendant agrees not to challenge or dispute any efforts by the government to enforce collection of any monetary penalties ordered by the Court.

36.    The defendant understands and agrees that under Title 18, United States Code, Section 3664(m), the government may use all available and reasonable means to collect restitution. The defendant further understands that pursuant to Title 18, United States Code, Section 3664(n), if the defendant is ordered to pay restitution, or pay a fine, and receives substantial resources from any source during a period of incarceration, including inheritance, settlement, or other judgment, the defendant shall be required to apply the value of such resources to any restitution or fine still owed without objection.

37.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

38.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

39.     The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.1.

## VIII.  APPEAL RIGHTS

40.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of 600 months, a fine of $50,000 to $250,000, and a period of supervised release of 5 years to life, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to

argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order imposed pursuant to Section VII of this agreement.

41. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

42. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of 600 months, a fine of $50,000 to $250,000, and a period of supervised release of 5 years to life, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX. FORFEITURE PROVISIONS

43. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct, the defendant utilized the following real property and electronic equipment which were seized by law enforcement officials:

**REAL PROPERTY:**

a. The premises and real property with its buildings, improvements, fixtures, attachments, and easements, known as 2160 Bullis Road, Elma, New York 14059; that is, all that tract or parcel of land, situate in the Town of Elma, County of Erie and State of New York and more particularly described in a certain deed dated December 9, 2002 and recorded in Liber Book 11021, of deeds at page 9414, of the Erie County Clerk's Office.

**ELECTRONIC EQUIPMENT:**

a.  One (1) Olympus Model E-500 Camera, Serial # A78505599, with SD card, seized on or about March 11, 2024, from the defendant's residence;

b.  One (1) Olympus lens 40-150, Serial # 136103223, seized on or about March 11, 2024, from the defendant's residence;

c.  One (1) Western Digital Protégé WD 400 Hard Drive, Model: WD40 0EB-11CP, Serial #: WCAATH624177, Memory Size: 40GB, seized on or about March 11, 2024, from the defendant's residence; and

d.  One (1) Western Digital Protégé WD 800 Hard Drive, Model: WD80 0EB-00DJ, Serial #: WCAHL3130898, Memory Size: 80GB, seized on or about March 11, 2024, from the defendant's residence.

Since the real property and electronic equipment were instrumentalities of the crime, the defendant specifically agrees to the forfeiture of the real property and electronic equipment to the government pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3). In addition, the defendant agrees to forfeit all computer equipment and related components and/or cellular phone(s) pursuant to Title 18, United State Code, Sections 2253(a)(1) and 2253(a)(3). All forfeited property will be referenced in the Preliminary Order of Forfeiture, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

44.    The defendant understands that the government and any law enforcement agency acting on behalf of the government may, in its discretion, destroy any or all of the electronic equipment referred to in this agreement.

45.     After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983; any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument; announcement of the forfeiture at sentencing; and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes, or any other penalty the Court may impose upon the defendant in addition to forfeiture, and shall survive bankruptcy.

46.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the property in any proceeding, including any jeopardy defense or claim of double jeopardy,

whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of the property by the government.

47.    The defendant agrees that the above-described property is subject to forfeiture, and waives any and all statutory and constitutional rights, including but not limited to, time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.   The defendant further agrees to the destruction of the electronic equipment referenced above.

## **Abandonment**

48.    The defendant agrees to voluntarily abandon all of the following electronic equipment seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim.  The defendant specifically agrees to voluntarily abandon the following electronic equipment:

    a.  One (1) Samsung Galaxy S20;
    b.  One (1) Samsung Galaxy s9+;
    c.  One (1) Samsung Galaxy S10e SM-G970U;
    d.  One (1) Motorola Admiral XT603;
    e.  One (1) Samsung Galaxy S5 SM-G900P;
    f.  One (1) Toshiba hard drive 808GCKR8T;
    g.  One (1) Seagate hard drive S2X0550S;
    h.  One (1) Western Digital hard drive WCATR1516182;
    i.  One (1) Western Digital hard drive WM611;
    j.  One (1) Buffalo Inc external hard drive 89714534119271;
    k.  One (1) Gateway laptop T3C76L1012439;

l.  One (1) Acer Aspire laptop LXAB0X0068432544D2500;

m.  One (1) Thermaltake custom PC VN300M1WZN1211041339;

n.  One (1) SK Hynix solid state drive ES0CN83481160CN0T;

o.  One (1) Apple iPhone A1533;

p.  One (1) Samsung Galaxy S7 (black) model SMG930V, S/N: R58G602I1CH;

q.  One (1) Samsung Galaxy S7 (silver) model SMG930V, IMEI: 357754075167305;

r.  One (1) Apple iPhone A1349;

s.  One (1) Corsair thumb drive G04G;

t.  One (1) Sandisk USB thumb drive SDCZ-800 64gb;

u.  One (1) Cherne USB thumb drive 2gb;

v.  Three (3) micro-SD cards (Samsung, SanDisk, and Kingmax);

w.  One (1) micro-SD card; and

x.  Three (3) DVD disks.

49.     The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law with respect to the abandonment of this property. The defendant hereby knowingly and voluntarily waives any right, title, and interest in the property, and agrees not to contest the vesting of title in the government.  The defendant further waives the provisions of 19 Code of Federal Regulations Part 162 with respect to the abandonment of the electronic equipment and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the said property.

50.     The defendant further understands that the government and any law enforcement agency acting on behalf of the government, to wit: United States Customs and Border Protection, may in its discretion, destroy the electronic equipment.

51.     The defendant agrees that the electronic equipment is subject to abandonment and agrees to waive all statutory and constitutional rights, including but not limited to, time

restrictions and notice provisions with respect to the abandonment of the electronic equipment.

52.    The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment, and disposition of the real property and electronic equipment survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement.

53.    The defendant agrees that if, for any reason, in any pleadings before the Court and order issued by the Court, including  but not limited to, the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case, or includes a clerical error, the defendant will consent and not oppose any effort by the government to amend, correct, or add to the description/list of items subject to forfeiture in this case.  Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees, in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited.   Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## X.  TOTAL AGREEMENT AND AFFIRMATIONS

54.  This plea agreement represents the total agreement between the defendant, MATTHEW A. STEELE, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY:  _____
AARON J. MANGO
Assistant U.S. Attorney

Dated:  April **IS**, 2025


I have read this agreement, which consists of pages 1 through 23.  I have had a full opportunity to discuss this agreement with my attorney, Eric Soehnlein, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
MATTHEW A. STEELE
Defendant

Dated:  April _/ 5_, 2025

_____
ERIC SOEHNLEIN, ESQ.
Attorney for Defendant

Dated:  April _/5_, 2025

23