

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                     24-CR-116-JLS

MATTHEW W. STEELE,

        Defendant.

---

## INTERLOCUTORY SALE AGREEMENT REGARDING REAL PROPERTY AND ORDER

**IT IS HEREBY AGREED TO** by and between the United States of America ("the government"), and Matthew W. Steele ("the defendant") regarding the premises and real property with all buildings, appurtenances, and improvements located at 2160 Bullis Road, Elma, New York, 14059 and more fully described in a certain deed recorded on December 9, 2002, in the Erie County Clerk's Office in Book 11021 of Deeds at Page 9414 (the "real property") according to the following terms as set forth in this Interlocutory Sale Agreement ("Agreement"):

1.    Pursuant to the Plea Agreement entered between the government and the defendant, MATTHEW W. STEELE, on or about April 15, 2025, the defendant agreed to criminally forfeit his interest in the real property pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). *See* ECF No. 42 at paragraphs 43 through 53, incorporated herein by reference.

2. The government and the defendant agree that the defendant, as the titled owner of the real property, or his representative, shall sell the real property to a bona fide and qualified purchaser for value.

3. The government agrees that the defendant shall be allowed to use the proceeds from the sale of the real property to satisfy any mortgage interest in the real property currently held by Nationstar Mortgage LLC d/b/a/ Mr. Cooper, and more fully described in a certain mortgage recorded on May 30, 2018, in the Erie County Clerk's Office in Book 13857 of Deeds at Page 1170.

4. The parties agree that the remaining net sale proceeds from the sale of the real property shall be forfeited to the government pursuant to Title 18, United States Code, Section 2253(a)(1) and (a)(3) as agreed upon in the Plea Agreement and shall be disposed of according to law.

5. The parties agree that to preserve the value of the real property, the real property shall be sold pursuant to the following terms and conditions:

   a. The government and the defendant agree that the defendant shall be granted until October 1, 2025, to actively market and sell 2160 Bullis Road, Elma, New York. The defendant hereby agrees to list the real property with a licensed real estate agent within seven (7) days after the execution of this Stipulation. Should he decide to attempt to sell the real property by himself, the defendant agrees to obtain a full appraisal of the real property and submit a copy of said appraisal to the government. All costs for obtaining a full appraisal of the real property shall be borne by the defendant.

   b. If the real property is not sold or under a binding written sales contract by October 1, 2025, the real property shall be forfeited to the government and shall be sold and disposed of according to law.

   c. The defendant agrees that he will not re-acquire the real property directly or indirectly through family members or others acting in concert with them.

6. The defendant agrees to provide the United States Attorney's Office with full and complete disclosure of all pending sales of the real property, including closing statements, lists of disbursements and expenses, and the name and address of prospective purchasers.

7. The parties agree that no sale and transfer of title of the real property will be accomplished without the written consent of the United States Attorney's Office.

8. The parties agree that the defendant will have two (2) months from the date he signs this Stipulation thereby agreeing to the terms and conditions of this Stipulation to sell the real property. The government has the sole authority and discretion to extend the time period for the defendant to sell the real property and grant an extension of time to sell the real property if, at the end of the period of time, The defendant has entered into a real estate sales contract with bona fide and qualified third party purchaser for value, or for other reasons the government deems appropriate.

9. The parties agree that if the defendant enters into a real estate sales contract with bona fide and qualified third-party purchaser for value, the government shall release its Notice of Lis Pendens at the time of the real estate closing. The government shall forward its Release of Lis Pendens to the defendant, who shall file it at the time of closing.

10. The parties agree that it is the defendant's responsibility to pay and keep current any and all real property taxes, Condominium and Homeowner's Association fees, mortgage payments, insurance, and utility payments duly levied upon the real property through the date of sale.

11. The parties agree that upon the sale of the real property, the defendant shall pay all regular, reasonable, and customary costs and expenses associated with the sale of the real property from the sale proceeds, including but not limited to realtor's commissions and any

and all principal, interest, assessments, costs and fees due on any outstanding taxes, outstanding Condominium and Homeowner's Association fees, mortgages and other judgments appearing on the title to and associated with the real property.

12. The parties further agree that if the defendant becomes delinquent by more than sixty (60) days in the payment of real property taxes, mortgage payments, insurance and/or utility payments, the real property will be immediately forfeited to the government

13. The parties agree that upon the sale of the real property by the defendant, the defendant shall pay all regular, reasonable, and customary costs and expenses associated with the sale of the real property from the sale proceeds, including but not limited to realtor's commissions, outstanding principal and interest on any mortgages, liens and other judgments appearing on the title to the real property.

14. The parties further agree that any attorney fees associated with the sale of the real property will be limited to no more than $800.00.

15. The parties agree that upon the sale of the real property by the defendant to a bona fide and qualified third-party purchaser for value, the defendant shall remit the net sale proceeds to the government. Said monies shall be forwarded to Homeland Security Investigations, shall be in the form of a certified or bank official check, made payable to the "United States Customs and Border Protection" and shall be forfeited and disposed of according to law pursuant to the Plea Agreement. *See* ECF No. 42

16. The parties agree that the defendant is responsible for any restitution ordered by the Court pursuant to the Plea Agreement. *See* ECF No. 42

17. The defendant understands that the government will submit a request to the Attorney General that any of the forfeited net sale proceeds be remitted or restored to eligible

4

victims of the offense, pursuant to Title 18, United States Code, Section 981(e), 28 C.F.R. Pt. 9, and other applicable law, it being understood that the United States Attorney's Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law. The defendant understands that one factor that will be considered by the government, is whether the defendant has any assets, not forfeited pursuant to this plea agreement, available to him that can be utilized to pay the restitution judgment, and the defendant shall have no recourse in the event the restoration request is denied.

18. The defendant understands that any damage to the real property, between the date of this Agreement and the date of the final sale may result in civil penalties or criminal prosecution being instituted against the defendant pursuant to Title 18, United States Code, Section 2232.

19. The defendant acknowledges his obligation to ensure that the above-referenced real property is not damaged in any manner including but not limited to the following covenants:

   a. not to cause the real property or fixtures to be damaged, devalued, alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner unless approved by the government;

   b. to ensure not to take, or cause to be taken, any action which could have the effect of concealing the real property, removing the real property from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of the real property; and

   c. to not engage in or allow any tenants to engage in any illegal activities at the real property or knowingly allow any illegal activity to occur at the real property during the pendency of this criminal forfeiture action.

20. The government and the defendant further agree that should the defendant <u>not</u> sell the real property within the timeframe established by this agreement; the government will sell the real property to a third-party purchaser for value at auction through the services provided by its real property contractor CSWAMS.

21. The government and the defendant further agree that should the government have to sell the real property; the government shall use the sale proceeds to satisfy the mortgage interest in the real property currently held by Nationstar Mortgage LLC d/b/a/ Mr. Cooper as well as all costs associated with the government's sale of the property.

22. By entering into this Agreement the defendant waives any and all claims that he may have pursuant Title 28 U.S.C. § 2412 (the Equal Access to Justice Act) for attorney's fees, expenses, interest, other costs or any other relief not specifically provided for in this Agreement arising out the filing and litigation of this civil action and the resulting forfeiture, including the making of this Agreement and the forfeiture detailed herein. The defendant further waives any rights provided to him under Title 18 U.S.C. § 983 and 28 U.S.C. § 2465.

23. A party's electronic signature and/or e-mailed signature of this Agreement will be valid and sufficient to bind any such party to this Agreement and will have the same force and effect as an original signature.

24. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Western District of New York. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

DATED:   Buffalo, New York, ~~September~~ November 18, 2025

                                            MICHAEL DIGIACOMO
                                            United States Attorney
                                            Western District of New York

                                            */s/ Mary Clare Kane*
                                            MARY CLARE KANE
                                            Assistant United States Attorney
                                            138 Delaware Avenue
                                            Buffalo, New York 14202
                                            (716) 843-5809
                                            Mary.Kane@usdoj.gov

                                            */s/ Eric M. Soehnlein*
                                            ERIC MICHAEL SOEHNLEIN
                                            Soehnlein Law
                                            350 Main Street
                                            Ste 2100
                                            Buffalo, NY 14202
                                            716-771-9092
                                            eric@soehnleinlaw.com

                                            MATTHEW W. STEELE

**SO ORDERED.**

Dated: ~~August~~ December 4, 2025
       Buffalo, New York

                                            HON. JOHN L. SINATRA, JR.
                                            UNITED STATES DISTRICT JUDGE